## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC. | § | |
| | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-369-CE |
| | § | |
| MICROSOFT CORPORATION, et al. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

**I.      Introduction**

Currently pending before the Court are numerous motions by Plaintiff to amend its infringement contentions as to numerous defendants (Dkt. Nos. 304, 306, 308, 309, 310, 311, and 365) and to compel discovery from Microsoft, Sonic Solutions, and Nero (Dkt. Nos. 307, 312, and 320). Having reviewed the briefing and the parties' oral arguments, the Court GRANTS in part and DENIES in part Plaintiff's motions for the reasons set forth below.

**II.     Factual Background**

Plaintiff brought suit against Microsoft alleging infringement of U.S. Patent Nos. 7,009,655 and 7,283,172 in September of 2008. In February of 2009, that action was consolidated with a previously filed action asserting the same patents against Acer, ASUS, Apple, Dell, Gateway, Sony, Cyberlink, Nero, and Sonic Solutions. In April of 2009, the Court entered a Docket Control Order setting a January 30, 2009 deadline for Plaintiff to serve its infringement contentions on Defendants. Plaintiff complied with that deadline. In March of 2010, Plaintiff amended its infringement contentions pursuant to an unopposed motion for leave to amend.

**III.    Infringement Contentions**

Plaintiff seeks to amend its infringement contentions against defendants based on information

gained during discovery. Plaintiff's infringement contentions against the hardware defendants depend on its infringement contentions against Microsoft and Sonic Solutions.

In accordance with the Local Rules, the parties agreed to a Docket Control Order setting a deadline for serving infringement contentions, and, because that deadline has passed, Plaintiff's amendment of its infringement contentions would require the Court to modify its Docket Control Order. Federal Rule of Civil Procedure 16(b) allows the Court to modify the Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S & W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow amendments to infringement contentions and considers four factors in ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics, Inc.*, 2009 WL 166555, at *1 (E.D. Tex. 2009) (citing *S & W Enters.*, 315 F.3d at 536). Courts in this district have required diligence to satisfy the good cause standard for amending infringement contentions in the wake of the *O2 Micro* decision. *See, e.g., Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *4 (E.D. Tex. 2009); s*ee also O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

### A.     Amended Infringement Contentions as to Microsoft (Dkt. No. 310)[1]

Plaintiff seeks to amend its infringement contentions at to Microsoft to include Microsoft's

---

[1] Plaintiff's amended infringement contentions against defendants Acer (Dkt. No. 304), ASUS (Dkt. No. 306), Gateway (Dkt. No. 308), Dell (Dkt. No. 309), and Sony (Dkt. No. 365) depend on Plaintiff's amended infringement contentions against Microsoft.

Windows operating systems, including its Windows XP, Windows Vista, and Windows 7 operating systems. Plaintiff contends that documents produced by Microsoft and others during discovery indicate that certain key features covered by the claims of the asserted patents have been integrated into Microsoft's operating systems, and that as a result the operating systems induce infringement of the asserted claims. Microsoft argues that Plaintiff was not diligent in amending its contentions, that an amendment would be untimely and prejudicial, and that Plaintiff agreed to drop certain of its infringement contentions to obtain Microsoft's agreement in amending other infringement contentions.

### 1.     Explanation for Failure to Meet Deadline

The deadline to comply with P.R. 3-1 in this case was January 30, 2009. (Dkt. No. 50). Plaintiff contends that documents necessary for the presently sought amendments were not produced until as late as August of 2009. Microsoft contends that it produced the necessary documents as early as July of 2009. Microsoft does not contend that it produced the relevant documents prior to the P.R. 3-1 deadline established by the Court's Docket Control Order. Accordingly, the parties agree that Plaintiff did not have the necessary information to make the proposed amendments prior to the deadline in the Court's Docket Control Order. Plaintiff's explanation for its failure to meet the Court's P.R. 3-1 deadline is reasonable and weighs in favor of granting leave to amend.

Microsoft also argues that Plaintiff's failure to file its motion for leave to amend its infringement contentions until June of 2010 would make amendment untimely and prejudicial, and that the agreed motions to amend Plaintiff's infringement contentions filed in March of 2010 should establish a new deadline for the purpose of determining whether the amendments currently sought by Plaintiff are timely. However, it is clear from the briefing of both Mediostream and Microsoft

that Mediostream was diligent and began attempting to amend its infringement contentions against Microsoft in September of 2009 and that substantive discussions continued through the filing of the present motion. The parties' agreement as to those amendments covered by the unopposed motion for leave to amend in March does not prevent Plaintiff from seeking those amendments the parties could not agree on in June. This Court will not punish Plaintiff for attempting to avoid opposed motion practice by diligently working with Microsoft to amend its infringement contentions by agreement.

### 2. The Importance of What the Court is Excluding

Should the Court prevent Mediostream from amending its infringement contentions to include the information gained from discovery, Mediostream may be prevented from pursuing its case. According to Mediostream, Microsoft has integrated much of the functionality covered by the asserted claims into its operating systems. As a result, many of the products initially accused by Plaintiff are now little more than a user interface calling functions included in Microsoft's operating systems. If this is the case, excluding Microsoft's Windows operating systems from the case may essentially prevent Mediostream from asserting its patents. Accordingly, the Court finds that the amendment Microsoft seeks to prevent would be important and potentially dispositive, which weighs in favor of granting leave to amend.

### 3. Potential Prejudice

Microsoft claims that allowing amendment would be extremely prejudicial. However, both Microsoft and Mediostream have been in discussions since September of 2009 to amend Mediostream's infringement contentions. Mediostream indicated to Microsoft its intent to include Windows operating systems no later than February of 2010, and Microsoft has already produced

source code for several of its operating systems. Plaintiff's proposed amendments are the reasonably foreseeable result of Microsoft's disclosure and any prejudice suffered by Microsoft is a result of its own slow production. Accordingly, the Court finds that this factor weighs in favor of granting leave to amend.

### 4. Availability of a Continuance

Microsoft does not seek a continuance and argues in its briefing that the availability of a continuance would have no effect on its ability to defend itself against Mediostream's amended infringement contentions. Accordingly, the Court finds this factor weighs in favor of granting leave to amend.

### B. Sonic Solutions (Dkt. No. 311)[2]

Plaintiff seeks to amend its infringement contentions against Sonic Solutions to include citation to source code practicing the steps of the asserted patents as well as to reflect newly discovered functionality of Authorscript products and the integration of certain Authorscript products into the Windows operating systems. Sonic Solutions argues that amendment of infringement contentions at this point would be untimely and prejudicial.

### 1. Explanation for Failure to Meet Deadline

Sonic Solutions does not argue that Mediostream had the necessary information to make the proposed amendments prior to the January 30, 2009 deadline for serving infringement contentions. Sonic Solutions concedes that it did not provide the necessary discovery until August 2009, but argues that Mediostream's failure to seek to amend its infringement contentions earlier should

---

[2] Plaintiff's motion for leave to amend its infringement contentions against Sony (Dkt. No. 365) incorporates the infringement contentions against Sonic Solutions.

prevent it from doing so now. However, Mediostream worked continuously beginning in October to integrate Sonic Solutions' August production into its infringement contentions. Sonic Solutions continued producing relevant documents through at least March 29, 2010, when it finally produced its Authorscript source code repository. Mediostream could not have made the presently proposed amendments prior to the P.R. 3-1 deadline and has been diligent in obtaining discovery and integrating that discovery into its infringement contentions. Accordingly, the Court finds that this factor weighs in favor of granting Mediostream leave to amend its infringement contentions.

### 2. Importance of What the Court is Excluding

If the Court denies Mediostream leave to amend its infringement contentions, Mediostream may be unable to pursue its infringement theories and prove how Authorscript infringes the asserted claims. Accordingly, this factor weighs in favor of granting Mediostream leave to amend its infringement contentions.

### 3. Potential Prejudice

Mediostream has been in continuous contact with Sonic Solutions, informing Sonic Solutions of changes in its infringement contentions and promptly apprising Sonic Solutions of its intended amendments. Mediostream's proposed amendments largely clarify its positions by citing to documents produced by other parties in the litigation. Sonic Solutions has failed to demonstrate the prejudice it claims to suffer as a result of these amendments. Any prejudice suffered by Sonic Solutions is overstated because the amendments result from Sonic Solutions' own production of documents necessary to make specific infringement contentions. Sonic Solutions' contention that Mediostream's knowledge of the trade name "Authorscript" should have provided sufficient information to make good faith infringement contentions without access to the relevant source code

and documentation lacks merit. Accordingly, the Court finds this factor weighs in favor of granting Mediostream leave to amend.

### 4. Availability of a Continuance

Sonic Solutions argues that no continuance is available, but Sonic Solutions has neither demonstrated prejudice sufficient to necessitate a continuance nor asked the Court to grant one. Accordingly, the Court finds this factor weighs in favor of granting Mediostream leave to amend.

## IV. Motions to Compel

Plaintiff seeks to compel production of source code and design documents from Microsoft (Dkt. No. 307), Sonic Solutions (Dkt. No. 312), and Nero (Dkt. No. 320). Microsoft claims the requested production would require excessive expense and disruption of its business operations while Sonic Solutions and Nero contend that they have already produced the requested documents.

### A. Microsoft (Dkt. No. 307)

Plaintiff seeks source code and design documents for Microsoft's windows operating systems. Microsoft has already produced some source code and some design documents, but much of its production is in the form of a "flat file" that displays the change in the relevant source code between versions without adequate context. Microsoft's source code repository allegedly parses this information to allow its engineers to make sense of the changes between versions. Because of this difference between the information produced and the information as used and accessed by Microsoft, Plaintiff seeks a replica of the source code repository. According to Microsoft, replicating the source code repository may not be possible and, if it is, replication would cost millions of dollars and require essential personnel to spend months dedicated to the task. Additionally, Microsoft claims to have produced all relevant design documents.

The Court denies the request to order Microsoft to replicate its repository at such great expense. However, Microsoft is not entitled to produce the requested information in an unintelligible format. Accordingly, the Court GRANTS Plaintiff's motion to compel except to the extent that it requires duplication of Microsoft's source code repository, and DENIES Plaintiff's motion to compel to the extent that it does require duplication. Further, Microsoft is ordered to allow Plaintiff's experts access to its source code repository insofar as it relates to the accused functionality. Additionally, within fifteen (15) days, Microsoft is ordered to complete production of the design documents related to the accused functionalities and submit a declaration stating that all such documents have been produced.

### B. Sonic Solutions (Dkt. No. 312)

Plaintiff contends that Sonic Solutions has not yet provided all requested source code and design documentation. Sonic Solutions claims that the requested production has already been provided. Accordingly, the Court GRANTS Plaintiff's motion to compel and orders Sonic Solutions to complete production of all requested source code and design documentation within fifteen (15) days and submit a declaration stating that all such documents have been produced.

### C. Nero (Dkt. No. 320)

Plaintiff contends that Nero has not yet provided all requested source code and design documentation. Nero claims that the requested production has already been provided, either in the form of documents produced to Plaintiff or in the form of documents made available to Plaintiff. Nero contends that reproducing the documents already made available to Plaintiff in paper form would be onerous and excessive. Accordingly, Plaintiff's motion is GRANTED in part and DENIED in part. Nero is ordered to complete production of all requested source code and design

documentation within fifteen (15) days and submit a declaration stating that all such documents have been produced. Nero is not required to reproduce any documents already available to Plaintiff through previous discovery arrangements.

## V.     Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motions to amend its infringement contentions against Acer, ASUS, Gateway, Dell, Microsoft, Sonic Solutions, and Sony. (Dkt. Nos. 304, 306, 308, 309, 310, 311, and 365). Additionally, the Court GRANTS Mediostream's motion to compel production from Sonic Solutions (Dkt. No. 312) and GRANTS in part and DENIES in part Mediostream's motion to compel discovery from Microsoft (Dkt. No. 307) and Nero (Dkt. No. 320).

SIGNED this 18th day of October, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE