**United States District Court**
For the Northern District of California

**\*E-Filed 8/8/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIOSTREAM, INC., | Case No. C 11-2525 RS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE AND SETTING CASE MANAGEMENT CONFERENCE** |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

Defendants move to stay this action on the basis that the claims of the patents in-suit are the subject of final rejections in *inter partes* reexamination proceedings, and those rejections are now pending before the Board of Patent Appeals.  Plaintiff vigorously opposes, arguing that defendants have engaged in numerous delaying tactics and procedural maneuvers, and now seek further indefinite delay that would irrevocably prejudice it.   Pursuant to Civil Local Rule 7-1(b) this matter is suitable for disposition without oral argument, and the hearing set for August 11, 2010 is vacated.[1]

As indicated in the orders granting the parties' stipulated requests to stay the related cases, the Court does not routinely stay actions pending reexamination proceedings before United States Patent and Trademark Office. It may be, however, that the fact final rejections have already issued warrants a different outcome here.  Plaintiff's objection that the litigation could be indefinitely

---

[1] Plaintiff filed an unopposed motion to change the date of the hearing that was not acted on as the result of administrative oversight.  Given this disposition, the request to change the hearing date is moot.

delayed as additional defendants file reexamination requests *in seriatim*, could be addressed by a stay order that would expire upon any reversal by the Board of Patent Appeals of the current rejections, regardless of what further or other reexamination proceedings might then follow.

As a practical matter, however, considerations arising from this Court's trial calendar may render the question of a stay somewhat academic, but in any event must be taken into account in evaluating how best to proceed. Plaintiff asserts that this action is essentially ready for trial now, having been transferred to this district only shortly before trial was scheduled to begin in the Eastern District of Texas. Even if a formal stay is not imposed, however, it is unlikely that this case could be set for trial prior to the fourth quarter of 2012. It therefore may be appropriate to set a trial date that effectively gives the Board of Patent Appeals time to render a decision, but which would avoid the further delay that would result from not setting a trial date until and unless the current rejections of the claims are reversed.

Accordingly, the motion to stay is denied without prejudice. The parties shall instead appear for a case management conference on September 1, 2010 at 10:00 a.m., with a joint statement to be filed one week in advance.[2] The parties' statement should set forth their views on what, if any, further pretrial proceedings remain to be completed, and their best estimates as to when a decision by the Board of Patent Appeals as to the current rejections is likely to be rendered.

IT IS SO ORDERED.

Dated: 8/8/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] The motion presently set to be heard at 1:30 p.m. that same day will either be submitted without oral argument, or, if necessary, heard at the same time as the Case Management Conference.