Michael K. Plimack (SBN 133869)
Scott Schrader (SBN 219673)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:   (415) 591-6000
Facsimile:    (415) 591-6091
Email:         sschrader@cov.com
Email:         mplimack@cov.com

George F. Pappas (admitted *pro hac vice*)
Brian G. Bieluch (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, DC 20004-2401
Telephone:   (202) 662-6000
Facsimile:    (202) 662-6291
Email:         gpappas@cov.com
Email:         bbieluch@cov.com

Counsel for Defendant Microsoft Corporation
(Counsel for other Defendants are listed in the signature block)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, ET AL., <br><br> Defendants. | Case No.: 3:11-cv-2525 RS <br><br> **DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS** <br><br> Date:   August 24, 2012 <br> Time:   9:30 a.m. <br> Judge:  Hon. Joseph Spero <br> Location: Courtroom G, 15th Floor |

**UNREDACTED VERSION FILED UNDER SEAL**

# NOTICE OF MOTION AND MOTION

Please take notice that defendants Acer America Corp, Apple Inc., ASUS Computer International, Dell Inc., Gateway, Inc., Sonic Solutions LLC, Sony Electronics Inc., Sony Corporation, and Microsoft Corporation (collectively, "Defendants") submit this motion for leave to supplement and amend their invalidity contentions pursuant to P.R. 3-6(b). A hearing on this motion is set for August 24, 2012 before the Honorable Richard Spero, United States Magistrate Judge.

In this motion, Defendants ask the Court to grant them leave to supplement and amend their invalidity contentions pursuant to P.R. 3-6(b). In support of this motion, Defendants rely on the accompanying Memorandum and its exhibits, the Declaration of Christina Olson in support of the motion, and the exhibits accompanying the Declaration.

Respectfully submitted,

*/s/ Scott Schrader*
Scott Schrader
Counsel for Defendant Microsoft Corp.

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES TO BE DECIDED ................................................................... 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................................... 2

        A.     DirectX prior art reference.................................................................................. 2

        B.     Citations to source code ..................................................................................... 2

        C.     Additional defenses ........................................................................................... 4

LEGAL STANDARD ................................................................................................................ 5

ARGUMENT............................................................................................................................... 6

        I.     This Court should permit Defendants to amend their invalidity
               contentions to identify DirectX 8.0 as prior art. ................................................ 6

        II.    This Court should permit Defendants to amend their invalidity
               contentions to provide new and corrected source code citations........................... 7

        III.   This Court should permit Defendants to amend their invalidity
               contentions to assert defenses not based on prior art........................................... 10

CONCLUSION.......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*,
    No. C06-7477, 2008 U.S. Dist. LEXIS 75495 (N.D. Cal. July 1, 2008)................7, 9

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
    No. C07-06222, 2010 U.S. Dist. LEXIS 97640 (N.D. Cal. Sept. 3, 2010) ................5

*Streak Prods., Inc. v. Antec, Inc.*,
    No. C09-04255, 2010 U.S. Dist. LEXIS 97613 (N.D. Cal. Sept. 8, 2010) ................5

**STATUTES**

35 U.S.C. § 101................................................................................................1, 4, 10, 11

35 U.S.C. § 102(b)............................................................................................................7

35 U.S.C. § 102(f)................................................................................................4, 10, 11

35 U.S.C. § 112, ¶ 1..................................................................................................4, 10

1  Defendants Acer America Corp, Apple Inc., ASUS Computer International, Inc., Dell
2 Inc., Gateway, Inc., Sonic Solutions LLC, Sony Electronics Inc., Sony Corporation, and
3 Microsoft Corporation (collectively, "Defendants") respectfully request leave to supplement and
4 amend their invalidity contentions pursuant to P.R. 3-6(b).  Defendants' proposed amended
5 invalidity contentions are attached to this Motion as Exhibits 1 to 6.
6  Defendants seek leave from the Court to modify their invalidity contentions in three
7 respects.  First, Defendants seek to supplement their anticipation and obviousness contentions
8 with an additional piece of prior art.  Second, Defendants wish to supplement their present
9 contentions with respect to four prior art products by adding and correcting citations to the
10 source code of those products.  Third, Defendants seek to add additional invalidity defenses not
11 based on prior art, including that Plaintiff failed to disclose the best mode for carrying out its
12 invention, that the asserted patents are invalid for failure to name Ian Xie as an inventor, and
13 that the patents fail to claim patentable subject matter pursuant to 35 U.S.C. § 101.
14  Defendants have diligently searched for prior art and have been careful to amend their
15 invalidity contentions expeditiously once new information has come to light and as the case
16 schedule and applicable rules have permitted.  Plaintiff has known of these proposed
17 amendments since late 2010, and would not be prejudiced by the granting of this motion.  A
18 denial of this motion, however, would prejudice Defendants, because each proposed amendment
19 is material to the merits of this case.  Good cause thus exists for granting Defendants leave to
20 amend their invalidity contentions.

21  **STATEMENT OF THE ISSUES TO BE DECIDED**

22  Whether Defendants should be granted leave to supplement and amend their invalidity
23 contentions to add an additional piece of prior art; supplement and correct source code citations
24 in their current contentions; and add additional defenses based on Plaintiff's failure to disclose
25 the best mode of the claimed invention, failure to name an inventor, and failure to claim
26 patentable subject matter, where
27  (a) Defendants have been diligent in investigating the relevant prior art, source code,
28 and facts underlying the additional defenses,

(b) The proposed amendments are highly material to the merits of the case, and

(c) Plaintiff has long known of these proposed amendments and would suffer no prejudice if leave to amend and supplement were granted.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants seek leave to amend their invalidity contentions in three ways: to add the DirectX prior art reference; to add and correct source code citations for four other prior art references; and to add invalidity defenses not based on prior art. Defendants believe the facts below to be undisputed.

### A. DirectX prior art reference

Defendants seek to add invalidity contentions related to the DirectX prior art reference, which are attached hereto as Exhibit 1, in response to Plaintiff's new infringement allegations against DirectX. DirectX is a feature of various Microsoft accused products, including the Windows XP, Windows Vista, and Windows 7 operating systems. DirectX was first accused in amended infringement contentions that Plaintiff provided, in draft form, to Microsoft on May 7, 2010. Olson Decl. Ex. A.

In the amended contentions submitted with its motion, Plaintiff contends that DirectX satisfies elements of the asserted claims. Dkt. No. 310. Microsoft denies that DirectX infringes. Defendants contend that prior versions of DirectX, including versions that predate the asserted patents, include the same or similar features to those that Plaintiff now accuses of infringement. Therefore, in order to properly refute Plaintiff's amended infringement contentions, Defendants seek leave to supplement their invalidity contentions with a claim chart for Microsoft DirectX 8.0, which predates the asserted patents.

### B. Citations to source code

Defendants seek to supplement their invalidity claim charts with citations to the source code for four prior art products previously disclosed. First, Defendants seek to add citations to the source code in the claim charts for Ulead VideoStudio 5.0 DVD Edition ("VideoStudio"), which are attached hereto as Exhibit 2. In contentions served in March 2010, Defendants asserted that VideoStudio invalidates the asserted patents, providing a claim chart for the

1 reference. Olson Decl. Ex. B. Defendants did not then have access to VideoStudio's source
2 code. Olson Decl. ¶ 5. Defendants stated that they were actively working to acquire the source
3 code for VideoStudio and that they intended to amend their invalidity contentions as soon as
4 they had received and reviewed the source code. Dkt. No. 210 at 11. Despite Defendants'
5 diligent efforts, it took some time to receive that source code. Defendants served a subpoena
6 seeking the VideoStudio source code on November 5, 2009, Olson Decl. Ex. C, but did not
7 receive any code until July 1, 2010. Olson Decl. ¶ 5. Defendants received additional source
8 code on August 23 and August 27. Olson Decl. ¶ 6. Defendants' expert Jeffrey Rowe
9 completed his review of the VideoStudio source code on October 7, 2010. Olson Decl. ¶ 7. On
10 November 9, 2010, the Court of Appeals for the Federal Circuit stayed this litigation pending
11 disposition of Defendants' mandamus petition seeking transfer of venue. Per Curium Order, *In*
12 *re Acer*, Misc. Dkt. No. 942 (Fed. Cir. Nov. 9, 2010)
13   Second, Defendants seek to add citations to the source code for MedioStream's prior art
14 neoDVD product, as reflected in Exhibit 3 hereto. Defendants served supplemental invalidity
15 contentions containing source code citations for neoDVD on July 8, 2010. Olson Decl. Ex. D.
16 On July 28, 2010, MedioStream produced additional source code. Olson Decl. ¶ 9 and Ex. E.
17 Defendants' expert reviewed this source code between July 28 and October 14, 2010. Olson
18 Decl. ¶ 10. Defendants seek to add source code citations as a result of this additional expert
19 review.
20   Third, Defendants seek to correct and add a few source code citations in their invalidity
21 claim chart for the prior art product Windows Movie Maker 1.1 ("Movie Maker"), as reflected
22 in Exhibit 4 hereto. These source code citations have been added for the sake of completeness;
23 for the most part, this modification involves repeating citations that already exist in the version
24 of this chart already before the court, but for additional claims. *See* Olson Decl. Ex. F (blackline
25 of changes between operative and proposed Movie Maker claim charts).
26   Fourth, Defendants likewise seek to make minor additions to the claim chart for the
27 prior art VideoFactory 2.0 ("VideoFactory") product, to correct certain clerical errors and to
28

DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR   3
INVALIDITY CONTENTIONS
Case No.: 3:11-cv-2525 RS

1 clarify their invalidity theory, as reflected in Exhibit 5. *See* Olson Decl. Ex. G (blackline of
2 changes between operative and proposed VideoFactory claims charts).

### C. Additional defenses

Defendants seek to supplement their invalidity contentions by disclosing three additional defenses, as reflected in Defendants' amended invalidity contentions attached hereto as Exhibit 6. First, Defendants seek to assert a best-mode defense pursuant to 35 U.S.C. § 112, ¶ 1. The best-mode defense is based on the depositions of the named inventor, Qiang Huang, who testified that ████████████████████████████████████████ Olson Decl. Ex.H at 43:19-44:1. MedioStream nonetheless did not disclose ████ to the Patent and Trademark Office when it filed the applications that issued as the asserted patents. Olson Decl. Ex. I. Since Mr. Huang's deposition, Defendants have diligently pursued discovery for the best-mode defense, including the deposition of Plaintiff's president, Cheng Kao, on September 22, 2010. At that deposition, Dr. Kao testified that ████████████████████████████████████████████████████████████████ Olson Decl. Ex. J at 162:16-19; 161:13-17; 172:8-173:2.

Second, Defendants seek to assert a defense that the asserted patents are invalid under 35 U.S.C. § 102(f) for failure to name Ian Xie as an inventor. Mr. Xie testified at his deposition that ████████████████████████████ Olson Decl. Ex. K at 98:11-20. ████████████████████ Olson Decl. Ex. K at 98:11-20. Olson Decl. Ex. K at 92:12-93:3. These facts, which form the basis for Defendants' inventorship defense, were not available to Defendants until Mr. Xie's deposition on May 7, 2010, after the deadline for serving invalidity contentions. Olson Decl. ¶20.

Third, Defendants seek to add two sentences to their invalidity contentions asserting that the asserted patents are invalid under 35 U.S.C. § 101 because the claims are directed to non-statutory subject matter. This defense is based on the PTO's Final Rejection on September 28,

1  2010, of several proposed claims in a continuation proceeding descending from one of the
2  asserted patents.  Olson Decl. Ex. L.
3       While this case was still pending before the Eastern District of Texas, defendants
4  provided these proposed amended contentions to Plaintiff.  Olson Decl. ¶ 20 and Ex. M.[1]  The
5  substance of the best-mode and inventorship contentions was also disclosed in Dr. Bovik's
6  expert report, served on October 22, 2010.  Olson Decl. ¶ 19.  At the time that the Federal
7  Circuit ordered this case temporarily stayed, the parties were still in the process of meeting and
8  conferring over these proposed amendments.  Olson Decl. Ex. M.  As a result, no formal motion
9  on these contentions was previously filed.

## LEGAL STANDARD

11  Under Federal Rule of Civil Procedure 16(b), a party seeking to modify a court's docket
12  control order must show "good cause."  Fed. R. Civ. P. 16(b).  Likewise, Patent Local Rule 3-6
13  allows parties to supplement their invalidity contentions "by order of the Court upon a timely
14  showing of good cause."  Absent "undue prejudice to the non-moving party," the "recent
15  discovery of material, prior art despite earlier diligent search" supports such good cause.  Patent
16  L.R. 3-6; *see also Streak Prods., Inc. v. Antec, Inc.*, No. C09-04255, 2010 U.S. Dist. LEXIS
17  97613, at *5 (N.D. Cal. Sept. 8, 2010).  "In determining whether there is good cause, 'the
18  critical issue is whether or not [the moving party] exercised diligence in discovering the prior
19  art.'"  *Streak Prods.*, 2010 U.S. LEXIS 97613, at *5-*6 (quoting *Sunpower Corp. Sys. v. Sunlink
20  Corp.*, No. C08-02807, 2009 U.S. Dist. LEXIS 85425, at *4 (N.D. Cal. June 12, 2009)).
21  "Nevertheless, judges in this district have recognized that the Patent Local Rules are 'not a
22  straitjacket into which litigants are locked from the moment their contentions are served.  There
23  is a modest degree of flexibility, at least near the outset.'"  *Halo Elecs., Inc. v. Bel Fuse Inc.*,
24  No. C07-06222, 2010 U.S. Dist. LEXIS 97640, at *8 (N.D. Cal. Sept. 3, 2010) (quoting

---

[1] Defendants' VideoFactory 2.0 invalidity claims charts were inadvertently emailed to plaintiff without the appropriate confidentiality designation.  The proposed amended VideoFactory 2.0 invalidity claims charts, attached as Exhibit 5 to this Motion, are identical to the version sent to plaintiff by defendants on October 21, 2010, except that it is now correctly designated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C06-04206, 2007 U.S. Dist. LEXIS 98476, at *5 (N.D. Cal. Mar. 2, 2007)). Courts in this district have also considered factors such as "whether the moving party was diligent in amending its contentions, the relevance of and difficulty in locating the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and prejudice to the non-moving party should the motion amend be granted." *Streak Prods.*, 2010 U.S. LEXIS 97613, at *6.

## ARGUMENT

**I.     The Court should permit Defendants to amend their invalidity contentions to identify DirectX 8.0 as prior art.**

Good cause exists for Defendants to amend their invalidity contentions and identify DirectX 8.0 as prior art. Defendants seek to add DirectX 8.0 as an invalidating reference in direct response to Plaintiff's motion for leave to amend its infringement contentions against Microsoft. Plaintiff has asserted that the current version of DirectX satisfies many of the limitations of the asserted patents — an assertion that Plaintiff first made in draft amended infringement contentions sent to Microsoft on May 7th, 2010. Olson Decl. ¶ 2. Microsoft denies that DirectX infringes.

Defendants seek to assert DirectX 8.0 as a prior art reference to demonstrate that the asserted patents are invalid even under Plaintiff's view of those patents. Defendants did not receive Plaintiff's new contentions until after the deadline for Defendants to serve their invalidity contentions pursuant to Texas Local Patent Rule 3-3, and so could not have anticipated Plaintiff's argument. *See* Olson Decl. ¶ 20. MedioStream's motion for leave to amend its contentions to add DirectX was granted on October 18, 2010, just prior to the case being stayed. Dkt. No. 468.

DirectX 8.0 is important to Defendants' invalidity defense. MedioStream has asserted that the Microsoft Windows XP, Windows Vista, and Windows 7 operating systems infringe the asserted patents, relying, in part, on functionality provided by DirectX.[2] Microsoft denies that

---

[2] MedioStream also cites DirectShow and DirectShow Editing Services in their amended infringement contentions, but DirectShow and DirectShow Editing Services are part of DirectX.

any of its products infringe the asserted patents.  However, given MedioStream's claim that the accused Microsoft operating systems somehow practice the asserted claims, DirectX 8.0 would be strong evidence that those claims were either anticipated or obvious under Plaintiff's contentions.  DirectX 8.0 is an earlier version of the DirectX package that MedioStream cites in its infringement contentions.  It contains many of the same or similar functions as the current version of DirectX, but was released to the public on November 9, 2000, Olson Decl. Ex. N, and is, therefore, prior art under 35 U.S.C. § 102(b).  Thus, DirectX 8.0 is an important prior art reference to show that the asserted claims are invalid under MedioStream's view of the asserted patents.  As DirectX 8.0 is "relevant to the merits of the case, it would be unjust for such information 'to be avoided on the basis of . . . mere technicalities." *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C06-7477, 2008 U.S. Dist. LEXIS 75495, at *12 (N.D. Cal. July 1, 2008) (citation omitted) (granting motion to amend invalidity contentions).

Moreover, Plaintiff would not be prejudiced by Defendants' amendment to include DirectX 8.0 as an invalidating prior art reference.  Plaintiff was the first to assert that DirectX provides functionality claimed in the asserted patents.  Defendants seek only to be permitted to show that the same or similar functionality was provided by an earlier version of DirectX.  Moreover, Plaintiff has known of this proposed contentions since late 2010.  Olson Decl. Ex. M. Considering that Plaintiff has already had ample opportunity to investigate the operation of DirectX, there is more than enough time for Plaintiff to respond to Defendants' amended contentions.  Indeed, denying the motion would prejudice *Defendants,* since it would put them in the position of being unable to fully respond to Plaintiff's latest infringement allegations.

**II.    The Court should permit Defendants to amend their invalidity contentions to provide new and corrected source code citations.**

Good cause also exists for Defendants to amend their invalidity contentions to provide additional source code citations for the VideoStudio, Movie Maker, neoDVD, and VideoFactory prior art references.

First, Defendants seek to add citations to VideoStudio source code that was not available when Defendants provided their original VideoStudio claim chart in March 2010 and that

1  Defendants have diligently sought to procure.  Although Defendants served Corel Inc. with a

2  subpoena requesting VideoStudio source code in November 2009, Defendants did not receive

3  any source code for VideoStudio until July 2010, and even then, the source code that they

4  received was incomplete.  Olson Decl. ¶¶ 4-6.  Defendants continued to receive additional

5  source code from Corel through August 27, 2010.  Olson Decl. ¶ 6.  Defendants diligently

6  reviewed all of the source code that had been produced, completing their review on October 7,

7  2010.  Olson Decl. ¶ 7.  This case was subsequently stayed on November 9, 2010 pending

8  disposition of Defendants' mandamus petition seeking transfer of venue.

9       Second, Defendants seek to add source code citations for neoDVD, MedioStream's prior

10  art product.  Defendants provided MedioStream with a supplemental invalidity claim chart on

11  July 8, 2010.  Olson Decl. Ex. D.  A few weeks later, on July 28, 2010, MedioStream produced

12  a significant volume of neoDVD source code.  Olson Decl. ¶ 9.  Defendants' expert, Jeffrey

13  Rowe, reviewed the neoDVD source code but was unable to complete his review until October

14  2010.  Olson Decl. ¶ 10.  Defendants have been diligent in their efforts to acquire the source

15  code and have provided the amended claim chart as quickly as possible after completing their

16  review.  Mr. Rowe also provided an expert invalidity report, in October 2010, that detailed these

17  source code level contentions.  Olson Decl. ¶ 22.

18       Third, Defendants seek to add a few source code citations to their Movie Maker claim

19  chart, which already includes numerous source code citations.  Defendants simply seek to

20  correct some citations and clarify that some citations are relevant to multiple claim limitations.

21  Plaintiff has been aware that Defendants contend that Movie Maker invalidates the asserted

22  patents under Plaintiff's contentions since at least April 3, 2009, Olson Decl. Ex. O, and it has

23  already examined the product's source code, so these additional source code citations will

24  require little in the way of additional effort by Plaintiff or its experts.

25       Fourth, and likewise, Defendants seek to correct and supplement their VideoFactory

26  claim chart.  The edits to that claim chart fix clerical errors and clarify the Defendants'

27  invalidity theories.  They also add some screen shots to show additional ways that certain steps

28

DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR     8
INVALIDITY CONTENTIONS
Case No.:  3:11-cv-2525 RS

can be performed by the prior art product. *See* Olson Decl. Ex. G (blackline of changes between operative and proposed VideoFactory claims charts).

These amendments are material to the merits of the case because the asserted claims of the '655 patent recite a system with "code directed to" various functions. Likewise, some asserted claims recite process steps that are not always easily confirmed from external observation, but that can be more readily determined by careful examination of the source code. For example, the Court's claim construction requires "resizing of the video before changing its frame rate." Since the user of a software program may not be able to see the order in which those steps occur, source code citations can often be important in determining the order of the steps in the prior art.

Moreover, Plaintiff would face no prejudice from the source code citations Defendants seek to add to their invalidity contentions. Defendants' amendments "do not raise new issues but instead merely supplement [their] initial contentions," and Plaintiff "was already on notice regarding the substance of [the] proposed amendments." *Golden Hour Data Sys.*, 2008 U.S. Dist. LEXIS 75495, at *13 (granting motion to amend invalidity contentions). Plaintiff has been aware of VideoStudio since at least March 5, 2010, when Defendants filed their unopposed motion to add the VideoStudio claim chart to their invalidity contentions. Dkt. No. 210 at 11. Plaintiff was aware that Defendants were working to acquire the VideoStudio source code and that Defendants intended to supplement their contentions with source code citations. *Id*. Moreover, the source code citations do not substantively change Defendants' contentions, but instead serve only to clarify and explain the factual basis for Defendants' existing contentions.

With respect to neoDVD, Plaintiff has been aware of this prior art product far longer than Defendants, as it is its own product. Accordingly, it is familiar with the product's source code and features, and there would be no prejudice in allowing the amendment.

With respect to Movie Maker, Plaintiff has been aware of this prior art product since at least April 3, 2009, when several defendants served invalidity contentions citing the product, and is well acquainted with the product's source code. Olson Decl. Ex. Q. The new citations do not expand Defendants' invalidity contentions, but merely provide additional detail supporting

those contentions. See Olson Decl. Ex. F (blackline of changes between operative and proposed Movie Maker claim charts). Moreover, the new citations are minor: they reference only six computer files, nearly all of which are cited elsewhere in the contentions. Olson Decl. Ex. F. Since Plaintiff has already examined nearly all the code in the new citations, and would not need to re-review that code, there would be no prejudice in allowing the amendment.

Finally, with respect to VideoFactory, plaintiff has been aware of this prior art reference since June 23, 2009, Olson Decl. Ex. P, and the changes in the amended contentions are not significant. Instead, they correct clerical errors; clarify the bases for Defendants' contentions; and provide additional screen shots showing that elements of the claimed invention were present in the reference. See Olson Decl. Ex. G (blackline of changes between operative and proposed VideoFactory claims charts).

### III. This Court should permit Defendants to amend their invalidity contentions to assert defenses not based on prior art.

Good cause also exists for Defendants to amend their invalidity contentions to disclose additional defenses not based on prior art, including a best-mode defense under 35 U.S.C. § 112, ¶ 1, an inventorship defense under 35 U.S.C. § 102(f), and a patentable-subject-matter defense under 35 U.S.C. § 101. While the Patent Local Rules do not require disclosure of best-mode and patentable-subject-matter defenses in defendants' invalidity contentions, see Patent L. R. 3-3, the convenience of the tribunal is best served by consolidating invalidity defenses in a single pleading. Moreover, good cause to amend exists, as Defendants have been diligent in investigating the facts supporting these non-prior art defenses.

Defendants seek to disclose three additional invalidity defenses. First, Defendants allege that Plaintiff failed to disclose the best mode of carrying out its invention. As the best-mode defense is based on Plaintiff's nondisclosure, Defendants were not in a position to provide detailed contentions relating to the defense until they obtained relevant discovery. For example, Mr. Huang, the named inventor, revealed what he considered the best mode of carrying out his invention when he testified that ███████████████████████████████████████ ████████ Olson Decl. Ex. H at 43:19-44:1.

1 ▮

2 ▮ Olson Decl. Ex. H at 43:19-44:1. Yet the

3 details of this best mode of operation are not identified in the specification and were not

4 disclosed to the Patent and Trademark Office. Olson Decl. ¶ 25.

5     Following Mr. Huang's deposition, Defendants diligently investigated the facts

6 surrounding the failure to disclose the best mode, despite obstacles erected by Plaintiff. For

7 example, Plaintiff only recently produced internal documents describing ▮

8 ▮

9 ▮ Olson Decl. ¶ 26 and Ex. Q. Dr. Cheng Kao, MedioStream's

10 president, reiterated ▮ Olson

11 Decl. Ex. J, yet Plaintiff did not offer him for deposition until September 22, 2010.

12     Second, Defendants seek to disclose an inventorship defense under 35 U.S.C. § 102(f).

13 Like the best-mode defense, this defense stems from evidence uncovered during depositions and

14 subsequent document productions by Plaintiff. Olson Decl. Ex. K at 98:11-20. Accordingly,

15 Defendants were not in a position to assert the defense until after the deadline for serving

16 invalidity contentions and shortly before the case was stayed by the Federal Circuit.

17     Third, Defendants seek to disclose a patentable-subject-matter defense under 35 U.S.C.

18 § 101. The basis for this defense is the PTO's rejection of claims for which MedioStream

19 sought to obtain patent protection in a continuation application. That rejection was not entered

20 until September 28, 2010. Olson Decl. Ex. L. Defendants were not in a position to assert the

21 defense until after the PTO's rejection.

22     Each of these defenses provides a separate and independent ground of invalidity quite

23 apart from the prior art that renders the asserted claims anticipated or obvious. As wholly

24 distinct grounds for invalidity, the best mode, inventorship, and patentable subject matter

25 defenses are not cumulative of any invalidity contentions already disclosed. Moreover, because

26 each defense provides a separate and independent ground of invalidating the asserted patents,

27 these defenses are highly material to the merits of the case.

28

1    As noted above, the facts supporting Defendants' best mode and inventorship defenses
2  were known to Plaintiff, and not Defendants, even before Plaintiff brought this lawsuit. As
3  such, Plaintiff would not be prejudiced by those amendments as it has had in its possession all
4  facts relevant to the defenses. Additionally, Plaintiff has been aware of Defendants'
5  inventorship defense since at least June 9, 2010, when Sony disclosed the defense to
6  MedioStream. Olson Decl. Ex. R. Moreover, the patentable subject matter defense is a pure
7  question of law requiring no discovery; accordingly, Plaintiff will not be prejudiced by that
8  addition. Finally, Plaintiff could not possibly be prejudiced by the best mode and patentable
9  subject matter defenses because the Patent Local Rules do not even require Defendants to
10 include those defenses in their invalidity contentions. This factor therefore also weighs in
11 Defendants' favor.

## CONCLUSION

For the foregoing reasons, Defendants have shown good cause for amending their invalidity contentions under Patent Local Rule 3-6. Defendants respectfully request that this Court grant Defendants' Motion for Leave to Supplement and Amend Invalidity Contentions.

Dated: July 18, 2012                    Respectfully submitted,

*/s/ Scott Schrader*
Michael K. Plimack
Scott A. Schrader
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
(415) 591-6000
(415) 591-6091 (fax)
Email: sschrader@cov.com
Email: mplimack@cov.com

George F. Pappas
Brian G. Bieluch
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291 (fax)
Email: gpappas@cov.com

Email: bbieluch@cov.com

*Counsel for Defendant Microsoft Corp.*


/s/ *Elaine Y. Chow* (with permission)
L. Howard Chen (SBN 257393)
Elaine Y. Chow (SBN 194063)
Holly A. Hogan (SBN 238714)
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:      (415) 882-8200
Facsimile:      (415) 882-8220
Email:          howard.chen@klgates.com
Email:          elaine.chow@klgates.com
Email:          holly.hogan@klgates.com

Counsel for Defendants Acer America Corporation and Gateway, Inc.


/s/ *Mark Scarsi* (with permission)
Mark Scarsi (SBN 183926)
Chris L. Holm (SBN 249388)
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa, 30th Floor
Los Angeles, CA 90017
Telephone:      (213) 892-4000
Facsimile:      (213) 629-5063
Email:          mscarsi@milbank.com
Email:          cholm@milbank.com

Counsel for Defendant Apple Inc.

/s/ *Karen I. Boyd* (with permission)
Karen I. Boyd (State Bar No. 189808)
Joshua M. Masur (State Bar No. 203510)
Turner Boyd LLP
2570 West El Camino Real, Suite 380
Mountain View, California 94040
Telephone:      (650) 521-5930
Facsimile:      (650) 521-5931
Email:          boyd@turnerboyd.com
Email:          masur@turnerboyd.com

Attorneys for Defendant ASUS Computer International

/s/ *Joshua Parker* (with permission)
Joshua Parker (SBN 264109)
Baker Botts L.L.P.
1001 Page Mill Rd., Building 1, Suite 200
Palo Alto, CA 94304
Telephone:	(650) 739-7500
Facsimile:	(650) 739-7699
Email:		josh.parker@bakerbotts.com

Roger Fulghum (pending *pro hac vice*)
Baker Botts L.L.P.
910 Louisiana St.
Houston, TX 77002-4995
Telephone:	(713) 229-1707
Facsimile:	(713) 229-2707
Email:		roger.fulghum@bakerbotts.com

Counsel for Defendant Dell Inc.


/s/ *Roderick M. Thompson* (with permission)
Roderick M. Thompson (SBN 96192)
Andrew Leibnitz (SBN 184723)
Farella Braun + Martel LLP
235 Montgomery St., 17th Floor
San Francisco, CA 94104
Telephone:	(415) 954-4400
Facsimile:	(415) 954-4480
Email:		rthompson@fbm.com
Email:		aleibnitz@fbm.com

Counsel for Defendant Sonic Solutions LLC


/s/ *Lewis V. Popovski* (with permission)
Megan Rae Whyman Olesek (SBN 191218)
Kenyon & Kenyon LLP
1801 Page Mill Rd., Suite 210
Palo Alto, CA 94304
Telephone:	(408) 975-7500
Facsimile:	(408) 975-7501
Email:		molesek@kenyon.com

Michelle Carniaux (admitted *pro hac vice*)
Lewis V. Popovski (admitted *pro hac vice*)
Zaed M. Billah (admitted *pro hac vice*)
Aaron J. Zakem (admitted *pro hac vice*)

DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS
Case No.: 3:11-cv-2525 RS

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Kenyon & Kenyon LLP
        One Broadway
        New York, NY 10004-1007
        Telephone:   (212) 425-7200
        Facsimile:    (212) 425-5288
        Email:        mcarniaux@kenyon.com
        Email:        lpopovski@kenyon.com
        Email:        zbillah@kenyon.com
        Email:        azakem@kenyon.com

Counsel for Defendants Sony Corporation and Sony Electronics Inc.

DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR
INVALIDITY CONTENTIONS
Case No.:  3:11-cv-2525 RS

15

**SIGNATURE ATTESTATION**

Pursuant to General Order 45, section X.B., I attest that I have obtained consent to file for all signatures indicated by the mark "/s/" within this electronically filed document.

> */s/ Scott Schrader*
> Scott Schrader
> Counsel for Defendant Microsoft Corporation